UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
KARIEM HASAN,                   :      CASE NO. 1:16-CV-02417
                                                :
            Plaintiff,              :
                                                :
vs.                                          :      OPINION & ORDER
                                                :      [Resolving Doc. Nos. 1 and 4]
CITIMORTGAGE INC., *et al.*,  :
                                                :
            Defendants.          :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Kariem Hasan filed this action against Citimortgage Inc. ("Citimortgage"), Reimer, Arnovitz, Cherner & Jeffrey, Attorney Edward G. Bohnart, and the Cuyahoga County Sheriff's Department.  In the Complaint, Plaintiff challenges the validity of his mortgage and the state court foreclosure action filed against him by Citimortgage.  He asserts claims under 42 U.S.C. §§ 1983, 1985 and 1986, and 18 U.S.C. §§ 241 and 242, and seeks monetary damages.

**I.  Background**

Plaintiff purchased property located at 33324 Overland Lane, Solon, Ohio 44139 in 2009.  He obtained a mortgage loan for $ 234,572.00.  Citimortgage acquired the mortgage by merger, and filed an Assignment of Mortgage in 2014.  On April 25, 2014, Citimortgage, through Attorney Bohnart, filed a foreclosure action in the Cuyahoga County Court of Common

Pleas.[1]  The court entered judgment in favor of Citimortgage on June 22, 2015.  The Ohio Eighth District Court of Appeals upheld the judgment of foreclosure.  The property has been set for sheriff's sale but has yet to be sold.

Plaintiff contends the mortgage is fraudulent.  He claims the mortgage was an unconscionable contract because the note did not contain the phrase "pay to the order of."[2]  He further states he was not aware he was signing the promissory note, he was not aware that the lender was obtaining a promissory note, and was not aware of the mortgage-backed security arrangement when he signed the mortgage.  He indicates he thought he had obtained a loan for the property but the lenders actually "created funds" using his signature on the promissory note.  He contends he did not receive any cash from the transaction and therefore the transaction was fraudulent.  He states that the mortgage is fraudulent and the sheriff's sale cannot proceed in good faith.  He asserts claims under 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. §§241 and 242.  He also asserts state law tort claims.

Citimortgage filed a Motion to Dismiss under Federal Civil Procedure Rules 12(b)(1) and (6).[3]  Citimortgage contends this action is barred by the Rooker-Feldman doctrine, and the doctrines of *res judicata* and collateral estoppel.  Citimortgage also claims Plaintiff failed to state a claim for relief on the merits of his causes of action.  For the reasons stated below, the Court grants Citimortgage's Motion to Dismiss and dismisses this action.

---

[1]  *See Citimortgage, Inc. v. Hasan*, No. CV-14-825994 (Cuyahoga Cty Ct. Comm. Pl. filed Apr. 25, 2014).

[2]  Doc. No. 1 at 2.

[3]  Doc. No. 4.

**II. Legal Standard**

Defendant Citimortgage seeks to dismiss the Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint.[4] Generally, Fed. R. Civ. P. 12(b)(1) Motions fall into two categories: facial attacks and factual attacks.[5]

Citimortgage facially attacks the Complaint citing the Rooker-Feldman Doctrine.[6]  This Court therefore must accept the Plaintiff's material allegations in the Complaint as true.[7]  The Plaintiff has the burden of proving subject matter jurisdiction in order to survive a Motion to Dismiss pursuant to Rule 12(b)(1).[8]  Lack of subject matter jurisdiction is a non-waivable, fatal defect.[9]

Citimortgage also attacks the sufficiency of the Plaintiff's Complaint under 12(b)(6).  To survive a 12(b)(6) Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[10]  The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer

---

[4] FED. R. CIV. P. 12(b)(1).

[5] *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

[6] *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

[7] *Ritchie*, 15 F.3d at 598.

[8] *Madison–Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).

[9] *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

possibility that the Defendant has acted unlawfully."[11]  The Court may grant a Motion to Dismiss only when "it appears beyond doubt" that the Plaintiff fails to state a claim upon which relief may be granted.[12]

In addition, District Courts are permitted to conduct a limited screening and to dismiss, without a Motion from either party, a Complaint if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."[13]  The Court is also authorized to dismiss the Complaint where the asserted claims lack an arguable basis in law, or if the Court lacks subject matter jurisdiction over the matter.[14]

### III.  Analysis

Citimortgage first asserts this action is barred by the Rooker-Feldman doctrine.  United States District Courts do not have jurisdiction to overturn state court decisions even if the Plaintiff claims the state court judgment is unconstitutional.[15]  Only the United States Supreme Court can hear an appeal of a state court judgment.[16]  Under this principle, generally referred to as the Rooker-Feldman doctrine, a party losing his case in state court cannot file a case in a United States District Court claiming that the state court judgment itself violates his or her

---

[11]  *Id.*

[12]  FED. R. CIV. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

[13]  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

[14]  *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

[15]  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

[16]  *Id.  See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

federal rights, and asking the Court to reverse the state court decision.[17]

The Rooker-Feldman doctrine is applied narrowly. It is not triggered "simply because a party attempts to litigate in federal court a matter previously litigated in state court."[18] To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal Complaint."[19] If the source of the Plaintiff's injury is the state court judgment itself, then the Rooker-Feldman doctrine bars the federal claim.[20] "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim and Rooker-Feldman does not apply.[21] In conducting this inquiry, the Court should also consider the Plaintiff's requested relief.[22]

Citimortgage claims that because the essence of Plaintiff's Complaint is that the mortgage is fraudulent, he directly attacks the foreclosure judgment. The Court disagrees. While Plaintiff seeks to relitigate matters already decided by the state court, he requests monetary damages and does not ask this Court to overturn the state court judgment. The Rooker-Feldman doctrine does not apply in this case.

Plaintiff's claims, however, are barred by *res judicata*. The state court already decided

---

[17] *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012); *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

[18] *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99.

[19] *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310.

[20] *McCormick*, 451 F.3d at 393.

[21] *Id.*; *see Lawrence*, 531 F.3d at 368-69.

[22] *Evans v. Cordray*, No. 09-3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

that the mortgage was valid when it granted a judgment of foreclosure and assessed damages. Plaintiff cannot assert claims in this federal court case to relitigate issues already decided by the state courts.[23] This Court must give full faith and credit to the state court foreclosure judgment.[24]

Furthermore, Plaintiff already tried, unsuccessfully, to relitigate the foreclosure matter in federal court. He filed his first action in this District Court on September 16, 2016 against Citimortgage, asserting claims under the Truth in Lending Act, the Federal Debt Collection Practices Act.[25] The Court granted Citimortgage's Motion to Dismiss on January 5, 2017. He has now filed this action asserting new claims against Citimortgage under 52 U.S.C. §§ 1983 and 1985 and 18 U.S.C. §§ 241 and 242. The final judgment on the merits of Plaintiff's first federal law suit precludes him from bringing this second federal lawsuit based on the same facts against the same Defendant to assert new claims .[26] Plaintiff cannot continue to litigate this matter multiple times in the hope of obtaining a different result.

Because *res judicata* bars the Plaintiff from relitigating this case, it is no longer open to discussion.[27] The Complaint is dismissed against all remaining Defendants.

### IV. Conclusion

Accordingly, Citimortgage's Motion to Dismiss under Federal Civil Procedure Rules

---

[23] *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

[24] *Id.*; *Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81 (1984).

[25] *Hasan v. Citimortgage*, No. 1:16 CV 2311 (N.D. Ohio Jan. 5, 2017) (Lioi, J.)

[26] *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990).

[27] *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

12(b)(6) is granted.[28] Furthermore, because this action is barred by *res judicata*, it is dismissed in its entirety against the remaining Defendants  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[29]

IT IS SO ORDERED.


Dated: January 19, 2017                              *s/      James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[28] Doc. No. 4.

[29] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.